UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CLAUDIA ESTOLANO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 5:20-cv-877 |
| | § | |
| ROBERT L. WILKIE, SECRETARY | § | |
| OF VETERANS AFFAIRS | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S COMPLAINT

COMES NOW CLAUDIA ESTOLANO, ("PLAINTIFF" or "ESTOLANO"), complaining of DEFENDANT, ROBERT L. WILKIE, SECRETARY OF VETERANS AFFAIRS (hereinafter, "Defendant"), and for cause of action respectfully show the Court as follows:

## NATURE OF THE ACTION

1. This is a Texas Employment Discrimination and Retaliation case involving Plaintiff and the Department of Veteran Affairs.

## PARTIES

2. Plaintiff, Claudia Estolano, is an individual, resident of Illinois.

3. Defendant, Robert Wilkie, Secretary of Veterans Affairs, is a United States Federal Agency, domiciled in Washington, D.C.

## MISNOMER, ALTER-EGO

4. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## CONDITIONS PRECEDENT

1

5. Plaintiff asserts that all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the case at bar.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states. This Court also has jurisdiction pursuant to 38 U.S.C. §3720 because it involves a lawsuit against the Department of Veteran Affairs for actions of one of its employees. Venue is proper in the judicial district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTUAL ALLEGATIONS

7. On or about July 2011, Estolano began working for Defendant in the EMS Housekeeping Department. During her time at the EMS Housekeeping Department, Estolano reported to her Supervisor, Linda Coesy. On or about February 2013, Estolano was promoted to Food Service Worker. During her time as a Food Service Worker, Estolano reported to her Supervisor, Luis Mendez. On or around March 2013, Estolano became aware that she had begun suffering from severe anxiety and depression along with panic attacks. At their worst, Estolano's anxiety and depression and panic attacks render her incapable of carrying her day to day life and severely restrict her ability to perform work activities. On or about September 2015, Estolano was again promoted to a Medical Supply Technician. During her time as a Medical Supply Technician, Estolano reported to her Supervisor, Pete [last name unknown].

8. On or about January 2016, Estolano was promoted to work in the Lab and Pathology Department. During her time at the Lab and Pathology Department, Estolano reported

to her Supervisor, Keith Landrum. Esetolano.

9. During Estolano's employment with Defendant, Estolano always received excellent and outstanding yearly reviews along with cash bonuses.

10. Regrettably, throughout her employment with Defendant, Estolano continued to suffer from anxiety and depression and panic attacks. Unfortunately, Estolano's disability began affecting her ability to perform her daily work activities. Because Estolano's anxiety and depression disorder along with her panic attacks began affecting her daily activities, sometime in January 2018, Estolano notified Mr. Landrum of her disability to request an accommodation. Defendant, however, never addressed Estolano's request for an accommodation.

11. During Estolano's time at the Lab and Pathology Department, Mr. Landrum constantly favored non-Hispanic male employees over Hispanic female employees. Due to Mr. Landrum's discriminator behavior, many Hispanic and female employees moved out of Mr. Landrum's department, quit or were fired. Beginning in March of 2019, Mr. Landrum also began sexually harassing Estolano. For example, Mr. Landrum constantly told Estolano that she dressed too sexy and offered his service to assist her with her attire. Mr. Landrum would say things such as, "Claudia [Estolano], you look like you are going to the club."

12. In addition, Mr. Landrum subjected Estolano to a hostile work environment. Specifically, on or around April 5, 2019, Mr. Landrum belittled Estolano and cussed her out during a work meeting.

13. Because the hostile work environment was no longer bearable, on or around April 5, 2019, Estolano reported Mr, Landrum's behavior to Human Resources along with his favoritism of non-Hispanic Males.

14. In response to Estolano's complaint, the harassment and retaliation intensified. In addition, Mr. Landrum continued to treat Estolano differently and gave her the "cold shoulder." In addition, on or around April 11, 2019, Mr. Landrum verbally reprimanded Estolano for speaking Spanish to patients (despite the fact that Estolano served Spanish speaking patients). Instead of encouraging Estolano to speak Spanish to her Spanish speaking patients, which is the appropriate response, Mr. Landrum promoted and encouraged other employees to target, ridicule and tease Estolano for speaking Spanish to patients. Mr. Landrum and Estolano's co-workers also ridiculed Estolano for her accent.

15. Shortly thereafter, Mr. Landrum also signled Estolano out for an alleged blood contamination issue. As a result of the alleged blood contamination issue, Estolano was placed on administrative leave and eventually terminated on or about June 21, 2019. Defendant's reason for termination is pretextual because up until Estolano began working for Mr. Landrum, Estolano had had excellent yearly reviews, raises and cash bonuses due to her excellent work ethic.

16. On July 15, 2019, Plaintiff filed an EEO Complaint with the Department of Veterans Affairs Office of Resolution Management alleging of sex, disability, race and national origin discrimination and retaliation.

17. On July 8, 2020, Plaintiff received the Final Agency Decision and right to sue letter. Accordingly, Plaintiff has exhausted administrative remedies and all conditions precedent to the bringing of this lawsuit have been met.

## COUNTS

I. **NON-MIXED AND MIXED CLAIMS.**

    A. **COUNT I – DISPARATE TREATMENT DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 BASED ON SEX (FEMALE) AND SEXUAL HARASSMENT**

18. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

19. Defendant violated Title VII and the Texas Labor Code when it systematically favored male employees, and mistreated Plaintiff on the basis of her sex (female).

20. Defendant is engaged in an industry affecting commerce and had 15 or more employees during the relevant time period.

21. Plaintiff is a female.

22. Defendant's actions, including the unwelcome harassment, was gender motivated.

23. The harassment was so severe that it affected a term, condition, or privilege of employment.

24. Defendant knew of the harassment, as Plaintiff complained of the harassment, but Defendant failed to take remedial action. Instead, suffered an adverse employment action when Defendant terminated Plaintiff's employment on June 21, 2019.

25. Because of the actions of Defendant, Plaintiff has suffered damages within the jurisdictional limits of this Court.

    B. **COUNT II – DISPARATE TREATMENT DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 BASED ON RACE (HISPANIC)**

26. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

27. Defendant violated Title VII and the Texas Labor Code when it systematically favored non-Hispanic male employees, and mistreated Plaintiff on the basis of her race (Hispanic).

28. Defendant is engaged in an industry affecting commerce and had 15 or more employees during the relevant time period.

29. Plaintiff is a Hispanic female.

30. Defendant's actions, including the unwelcome harassment, was racially motivated.

31. The harassment was so severe that it affected a term, condition, or privilege of employment.

32. Defendant knew of the harassment, as Plaintiff complained of the harassment, but Defendant failed to take remedial action. Instead, suffered an adverse employment action when Defendant terminated Plaintiff's employment on June 21, 2019.

33. Because of the actions of Defendant, Plaintiff has suffered damages within the jurisdictional limits of this Court.

**C. COUNT III – DISPARATE TREATMENT DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 BASED ON NATIONAL ORIGIN (MEXICAN)**

34. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

35. Defendant violated Title VII and the Texas Labor Code when it systematically favored American male employees, and mistreated Plaintiff on the basis of her national origin (Mexican).

36. Defendant is engaged in an industry affecting commerce and had 15 or more employees during the relevant time period.

37. Plaintiff is a Mexican female.

38. Defendant's actions, including the unwelcome harassment, was motivated because of Plaintiff's national origin and included ridiculing her for her accent and for speaking her native language - Spanish.

39. The harassment was so severe that it affected a term, condition, or privilege of employment.

40. Defendant knew of the harassment, as Plaintiff complained of the harassment, but Defendant failed to take remedial action. Instead, suffered an adverse employment action when Defendant terminated Plaintiff's employment on June 21, 2019.

41. Because of the actions of Defendant, Plaintiff has suffered damages within the jurisdictional limits of this Court.

D. **COUNT IV – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

42. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

43. Defendant violated Title VII and the Texas Labor Code when it retaliated against Plaintiff for engaging in protected activity.

44. Plaintiff engaged in protected activity when she complained multiple times of sex discrimination and harassment beginning in April of 2019 up until the date Plaintiff was terminated.

45. Defendant retaliated against Plaintiff with further harassment following her complaints.

46. Defendant further retaliated against Plaintiff when, without a legitimate business and non pre-textual reason, it terminated Plaintiff's employment on June 21, 2019.

47. Because of Defendant's actions, Plaintiff has suffered damages within the jurisdictional limits of this Court.

E. **COUNT V – DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

48. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

49. Plaintiff is an individual with a disability – anxiety and depression disorder/panic attacks.

50. Defendant violated the Americans With Disabilities Act ("ADA") and the Texas Labor Code when it discriminated against Plaintiff on the basis of her disability.

51. Defendant's actions, including the unwelcome harassment, was motivated because of Plaintiff's disability.

52. The harassment was so severe that it affected a term, condition, or privilege of employment.

53. Defendant knew of the harassment, as Plaintiff complained of the harassment, but Defendant failed to take remedial action. Instead, suffered an adverse employment action when Defendant terminated Plaintiff's employment on June 21, 2019.

54. Because of the actions of Defendant, Plaintiff has suffered damages within the jurisdictional limits of this Court.

## JURY DEMAND

55. Plaintiff respectfully requests a trial by jury and has tendered the appropriate fee.

## DAMAGES

56. Plaintiff seeks all damages allowed under the Texas Labor Code, including:

(a) Plaintiff seeks equitable relief as may be appropriate such as reinstatement, promotion, back pay, front pay, and court costs;

(b) Plaintiff seeks compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

  (c)  Plaintiff seeks reasonable attorney's fees and costs including expert fees; and

  (d)  Plaintiff seeks pre and post judgment interest at the maximum rate allowed by law; and

  (e)  For such other and further relief as this Court may deem just and proper.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and that, upon a trial on the merits, all relief requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

    Respectfully Submitted,

    By: /s/ Ricardo E. Vielledent_____
      **Ricardo E. Vielledent**
      State Bar No. 24075223
      **VIELLEDENT & ASSOCIATES, PLLC**
      6006 N. Mesa, Suite 700
      El Paso, Texas 79912
      (915) 731-1853
      vielledentlaw@gmail.com